United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HSIN TE CHOU, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OKRA, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 06-2535 PVT <br><br> **INTERIM ORDER RE STIPULATION TO DISMISS WITH PREJUDICE** |

On December 11, 2006, the parties filed a Stipulation to Dismiss with Prejudice.[1] The parties have consented to Magistrate Judge jurisdiction. Based on the stipulation and the file herein,

IT IS HEREBY ORDERED that the parties' stipulation to dismiss is deemed to be a joint motion to approve the fairness of the settlement of claims under the Fair Labor Standards Act ("FLSA"). An employee's claims under the FLSA are non-waivable, and thus may not be settled without supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982); *see also* House Report No. 101-664.[2] The proper procedure for obtaining court approval of the settlement of FLSA claims is for

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] As used herein, "House Report No. 101-664" refers to House Report No. 101-664, P.l. 101-433, Older Workers Benefit Protection Act, H.R. Rep. 101-664, H.R. Rep. No. 664, 101st Cong., 2nd Sess. 1990, 1990 WL 200383 (1990).

ORDER, *page 1*

the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment of dismissal only after scrutinizing the settlement for fairness. *See Lynn's Food Stores, Inc.*, 679 F. 2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); *and* House Report No. 101-664. In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *See, Lynn's Food Stores, Inc.*, 679 F. 2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1355.

IT IS FURTHER ORDERED that, no later than January 5, 2006 the parties shall file a short joint statement in support of the motion to approve the settlement. The statement shall include: 1) a rough estimate of the amount in dispute for each Plaintiff; 2) the general basis for any *bona fide* factual dispute as to either the nature of the Plaintiffs' primary duties or the number of overtime hours actually worked by the Plaintiffs; 3) the amount of settlement proceeds to be paid to each Plaintiff; and 4) the amount of attorneys fees to be paid to Plaintiffs' counsel by Defendants under the settlement agreement (*see, e.g., Dail v. George A. Arab, Inc.*, 391 F.Supp.2d 1142, 1145 (M.D. Fla. 2005) (approving parties' agreement as to attorneys fees award in connection with approving fairness of settlement)).

Dated: *12/13/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*